IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:20-mj-155 |
| ) | |
| FILIPPO PARLAGRECO ) | |
| ) | |
| *Defendant*. ) | |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Tonya Sturgill Griffith, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been so employed since in or around February 2002. I currently am assigned to the Washington Field Office ("WFO"), and I am part of the Child Exploitation and Human Trafficking Task Force. Since joining the FBI, I have investigated violations of federal law involving organized crime, drug trafficking, extra-territorial crime, and terrorism, as well as child exploitation and child pornography offenses.

2. As a Special Agent with the FBI, I have basic and on-the-job training in the investigative area of child exploitation and child pornography. I have participated in federal, multi-jurisdictional, and international investigations of crimes against children. I also am authorized to execute warrants issued under the authority of the United States, and I have participated in numerous search warrants, many of which involved child exploitation or child pornography.

1

3.  As a federal agent, I am authorized to investigate violations of the laws of the United States.  Since 2010, I have investigated criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, advertisement, presentation, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A.  I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256).

4.  This Affidavit is submitted in support of a criminal complaint and arrest warrant charging **Filippo Parlagreco** of Warrenton, Virginia, with production of child pornography, in violation of 18 U.S.C. § 2251(a).  For the reasons set forth below, I submit that probable cause exists to believe that on or about December 16, 2019, **Filippo Parlagreco** knowingly produced child pornography in Warrenton, Virginia, within the Eastern District of Virginia.

5.  The statements contained in this Affidavit are based on my experience and background as a Special Agent working in the area of child exploitation and child pornography, on information provided by other law enforcement agents, and on my review of reports and records.  I have not set forth every fact resulting from the investigation; rather I have set forth a summary of the investigation to date to establish probable cause.

## STATUTORY AUTHORITY AND DEFINITIONS

6.  Title 18, U.S. Code, Section 2251(a), prohibits employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct if the visual depiction was produced using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, if the visual depiction has actually been transported or transmitted

using any means or facility of interstate or foreign commerce, or if the person knows or has reason to know that such visual depiction would be transported or transmitted suing any means or facility of interstate or foreign commerce or mailed. For purposes of this affidavit, "visual depiction[s] of minors engaging in sexually explicit conduct," will be referred to as "child pornography."

7. The term "minor," as defined in 18 U.S.C. § 2256(1), means any person under the age of 18 years.

8. The term "sexually explicit conduct," as defined in 18 U.S.C. § 2256(2)(A)(i)–(v), means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

9. The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data that is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

## INVESTIGATION OF FILIPPO PARLAGRECO

### Identification of Filippo Parlagreco

10. In the summer of 2017, a minor girl (MINOR VICTIM 1) began communicating with an individual on multiple social media application and sent this individual nude photos of

herself.[1] A year later, MINOR VICTIM 1 saw the pictures she had sent this individual posted on another social media application. The individual told MINOR VICTIM 1 that the pictures would only be removed from the application if she sent him additional images. At the individual's demand, MINOR VICTIM 1 sent an additional, partially nude picture of herself. MINOR VICTIM 1 then reported these interactions to her parents, who in turn reported it to the local police in her city (hereinafter "city police department").

11. Over the course of almost a year, the individual created additional social media accounts across multiple applications and contacted Minor Victim 1 with additional demands. The city police department obtained search warrants for these social media account. For the accounts where data was retained, the IP addresses associated with the accounts were assigned to **Filippo Parlagreco** at his residence in Warrenton, Virginia, and to **Parlagreco's** mother at her residence in Warrenton, Virginia. The search warrant returns further showed that **Parlagreco** had reached out to other social media users associated with Minor Victim 1 inquiring whether those users had additional pictures of the minor.

Production of Child Pornography Using Minor Victim 2

12. Additional review of the search warrant returns for one of the social media accounts accessed using **Parlagreco's** IP address located a conversation that began on or about December 16, 2019, between **Parlagreco** and Minor Victim 2. Minor Victim 2 has been identified by law enforcement as an eleven year-old girl.

---

[1] The social media applications referenced herein are known to law enforcement. The identities of the applications are not included here due to ongoing investigative sensitivities, as well as to preserve the privacy interests of the minor victims.

13. In the conversation, **Parlagreco** tells Minor Victim 2 that he has images of her and that she needed to comply with his requests if she wanted the images to stay with him. **Parlagreco** proceeds to send Minor Victim 2 several messages with instructions for the photographs he wants her to provide, including instructions for her to take pictures partially nude and fully nude. **Parlagreco** then further instructs Minor Victim 2 to take pictures of herself manipulating her genitalia. The photographs were included in the social media search warrant return and appear consistent with **Parlagreco's** demands. **Parlagreco** later requests additional pictures of Minor Victim 2 manipulating her genitalia and outlines specific poses he wants her to take.

14. The next day, Minor Victim 2 tells **Parlagreco** that it was not her in the images and to stop texting her. **Parlagreco** states that if it is not Minor Victim 2 in the photographs, she should not mind if he sends the photographs to Minor Victim 2's friends. **Parlagreco** had previously contacted one of Minor Victim 2's friends via a social media application and sent him a photograph where Minor Victim 2's breasts were exposed. **Parlagreco** contacts the same person again and tells him that he has more photographs of Minor Victim 2.

15. Based on the social media search warrant returns, law enforcement was able to identify and interview Minor Victim 2. During the interview, Minor Victim 2 verified that the photographs she sent at **Parlagreco's** demand were of her. Minor Victim 2 indicated she only knew **Parlagreco** "online" and had never met him in person. Minor Victim 2 confirmed that **Parlagreco** had threatened to share photographs of her if she did not comply with his demands for additional images.

<u>Search of **Parlagreco**'s Residence and Interview of Parlagreco</u>

16.     A search warrant for **Parlagreco**'s residence was obtained from the Honorable Magistrate Judge John F. Anderson of the U.S. District Court for the Eastern District of Virginia and was executed on April 24, 2020.  During the course of the search, **Parlagreco** was interviewed by law enforcement. **Parlagreco** was informed that he was not under arrest, that he was free to leave at any time, and that he did not have to answer any questions.  **Parlagreco** then agreed to an interview.

17.     During the interview, **Parlagreco** said that he would meet people online, that those people would send "images."  He said that these people would usually not tell him their age until after images were sent. He said also said that he would make threats to put "the thought into their head that some of their stuff might get leaked."  He said that he did not actually follow through on his threats.  **Parlagreco** also said that he would contact people he found in their "friends list" in an attempt to find others who had nude photos of them.  **Parlagreco** sometimes obtained the initial nude images by posing as a teenage girl and befriending the victims.  Other times, **Parlagreco** would record a "live chat" during which the girls were encouraged to expose themselves by the viewers.  When asked about his age of sexual preference, Parlagreco stated it was between "12 and 15" years of age and indicated he would masturbate to the images he received.

18.     Among others, **Parlagreco** specifically recalled talking to Minor Victim 1 and Minor Victim 2.  He did not know their exact ages, but believed both were minors. Specifically, **Parlagreco** said that he never knew Minor Victim 2's age, but that he had a "rough idea" and that he thought she was "15, 16."

6

19.     **Parlagreco** confirmed that he used multiple accounts across several different social media platforms.  **Parlagreco** did not recall all of the social media accounts he used, but indicated that it was possible that he was the owner of the social media account from which the messages detailed above to Minor Victim 2 were recovered.

20.     **Parlagreco** stated that the accounts he used to talk to victims were located in an encrypted portion of his phone and provided the passcode to access the encrypted partition. **Parlagreco** further indicated he utilized various encrypted messaging applications to trade images of child pornography with other users.[2] **Parlagreco** also said he was in a group on one of the encrypted messaging applications and that the members of the group would share child pornography images encompassing a wide age range of children.

21.     The search of **Parlagreco's** residence resulted in the seizure of multiple electronic devices, including his cell phone.

Review of **Parlagreco's** Cell Phone

22.     During a review of the encrypted portion of the phone, the encrypted messaging application group discussed above was located.  Other users in the group had posted child pornography, including the distribution of images of the sexual abuse of toddlers, as recently as April 10, 2020.  Earlier on the same day, **Parlagreco** commented that a video posted by another member did not work.  On April 9, 2020, **Parlagreco** posted to the group asking if anyone had images of two specific girls he had observed on a live streaming video application.  Based on the youthful appearance of the girls in the photo, they appear to be between 8 to 10 years of age.

---

[2] The specific applications are known to law enforcement but are not included here due to the sensitivities of the ongoing law enforcement investigation, as well as to preserve the privacy of the victims.

23. While reviewing the phone, it was discovered that the images sent by Minor Victim 2 were saved in **Parlagreco's** photo gallery in the encrypted portion of the phone. Additionally, it was discovered that **Parlagreco** distributed some the images he obtained of Minor Victim 2 to other users on the encrypted messaging applications, including images of the minor manipulating her genitalia.

## CONCLUSION

24. Based on the above information, I respectfully submit that there is probable cause to believe that on or about December 16, 2019, in the Eastern District of Virginia, **Filippo Parlagreco** knowingly produced child pornography in violation of 18 U.S.C. § 2251(a). Therefore, I respectfully request that a criminal complaint and arrest warrant be issued for **Filippo Parlagreco**.

Respectfully submitted,

_____
Tonya Sturgill Griffith, Special Agent
Federal Bureau of Investigation

Sworn and subscribed to in accordance with
the requirements of Fed. R. Crim. P. 4.1 via
telephone on this 11th day of June 2020

Digitally signed by Michael S. Nachmanoff
Date: 2020.06.11 13:28:57 -04'00'

_____
The Honorable Michael S. Nachmanoff
United States Magistrate Judge