IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:20-CR-243 |
| v. | ) | |
| | ) | The Honorable T. S. Ellis, III |
| FILIPPO PARLAGRECO, | ) | |
| Defendant. | ) | Sentencing: March 19, 2021 |
| | ) | |

**REPLY POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

In reply to the defendant's sentencing memorandum, Dkt. 46, the United States wishes to address points raised by the defense regarding (1) the applicability of a downward departure for military service, raised for the first time in the defendant's sentencing memorandum; and (2) the comparison between this case and other similarly-situated cases.

As to the § 5H1.11 Guideline departure argued by the defendant in his position paper, no departure is appropriate here. A downward departure in a child sex offense case is permissible only where there is a mitigating circumstance of kind or degree that has been "specifically identified" in the Guidelines as an appropriate ground for departure for this category of cases. 18 U.S.C. § 3553(b)(2)(A)(ii). The only identified grounds for departure in such cases are those enumerated in Part K of Chapter Five of the Guidelines. U.S.S.G. § 5K2.0(b); see id. ("Thus, notwithstanding any other reference to authority to depart downward elsewhere in this Sentencing Manual, a ground of downward departure has not been affirmatively and specifically identified as a permissible ground of downward departure within the meaning of section 3553(b)(2) unless it is expressly enumerated in this Part K as a ground upon which a downward departure may be granted."). The provision cited by the defense falls under Part H of Chapter Five, and thus is categorically inapplicable to this case.

Nor would a departure under § 5H1.11 be appropriate even if permissible. The cited Policy Statement provides that military service "may be relevant . . . if the military service, individually or in combination with other offender characteristics, is present to an unusual degree <u>and</u> distinguishes the case from the typical cases[.]" U.S.S.G. § 5H1.11 (emphasis added). It is not and it does not. The defendant served in the military for approximately 4 years, less than the average term of service during that time, Pew Research Center, War and Sacrifice in the Post-9/11 Era 79, <u>available at</u> https://www.pewresearch.org/wp-content/uploads/sites/3/2011/10/veterans-report.pdf (last accessed March 15, 2021), and the duration and nature of his service does not meaningfully distinguish him from others. Rev. PSR at ¶¶ 149, 167. Moreover, the defendant exploited the honorable military service of others for his own perverse ends, specifically deceiving Minor Victim 14 into thinking that he was then serving in the military, all in the service of his own extortionate scheme. Rev. PSR at ¶ 58.

As to comparisons with other cases, the cases cited in the defense paper are inapposite. It is hardly controversial that codefendants involved in the same scheme—such as Hendrix, Hitosis, and Zwengel, <u>see</u> Def. Mem. at 15—would be sentenced in a manner that avoids unwarranted disparities among them, with that consideration coming into play in the most pronounced way for the later-sentenced codefendants. And those cases simply did not involve the threats and blackmail at the heart of Parlagreco's sadistic scheme. A more appropriate comparator would be <u>United States v. Daniel Chase Harris</u>, No. 2:14-cr-76 (E.D. Va. 2015), <u>aff'd</u> 653 F. App'x 203, 203-04 (4th Cir. 2016), in which District Judge Mark S. Davis imposed—and the Fourth Circuit affirmed—a sentence of 50 years of imprisonment and a lifetime of supervised release. <u>See</u> <u>id.</u> (Dkt. 154, 192). That case, which is remarkably similar to the one at bar, likewise involved a long-standing pattern of extortion, harassment, and manipulation of children for the purposes of the

2

defendant's sexual gratification, with strong evidence of a malicious drive to exert power over the exploited children. See id. (Dkt. 150). Moreover, the United States noted an ongoing epidemic of "sextortion" crime at the time, see id. at 24, and that epidemic continues. See, e.g., FBI, Dangerous Connections, Youth Face a Risk of Sextortion Online (May 30, 2019) (noting the "growing number of cases involving young people who are manipulated, threatened, or coerced into creating explicit content by an adult online"). The Court may properly impose a lengthy prison sentence to deter others from committing similar crimes.

For all these reasons and those set forth in the United States' position paper, Dkt. 41, the United States respectfully requests a sentence of 720 months of imprisonment, a lifetime of supervised release, full restitution, forfeiture of electronic devices, and special assessments set forth in statute.

Respectfully Submitted,

Raj Parekh
Acting United States Attorney

By:            /s/
        Jonathan Keim
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: jonathan.keim@usdoj.gov

Jessica L. Urban
Trial Attorney
Child Exploitation and Obscenity Section
U.S. Department of Justice
1301 New York Ave. NW
Washington, DC 20005
Phone: (202) 353-4146
Jessica.Urban@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to counsel of record in this case.

I further certify that on March 15, 2021, I sent a copy of the foregoing via electronic mail to the U.S. Probation Officer assigned to this matter:

Kelly Smihal
United States Probation Office
Email: Kelly_Smihal@vaep.uscourts.gov

Respectfully Submitted,

Raj Parekh
Acting United States Attorney

By:       /s/
_____
Jonathan Keim
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3981
Email: jonathan.keim@usdoj.gov